UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN HICKS,

    Plaintiff,

v.                                    Case No:  8:16-cv-2996-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Adrian Hicks, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed applications for DIB and SSI on April 19, 2013, alleging a disability onset date of December 5, 2012. (Tr. 13, 213-22, 263-64). Plaintiff's applications were denied initially on June 18, 2013, and upon reconsideration on August 29, 2013. (Tr. 120-24, 125-30, 135-39, 140-44). Plaintiff requested a hearing and, on March 24, 2015, an administrative hearing was held before Administrative Law Judge Angela L. Neel ("the ALJ"). (Tr. 30-56). On May 7, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability from December 5, 2012, through the date of the decision. (Tr. 13-29). Plaintiff filed a request for review which the Appeals Council denied on August 22, 2016. (Tr. 1-4). Plaintiff initiated this action by filing a Complaint (Doc. 1) on October 24, 2016.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 5, 2012, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spines with straightening of the lordosis; and hairline fractures of the right elbow. (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot engage in overhead work activity; he can only occasionally reach with his right, non-dominant upper extremity; he cannot climb ladders or scaffolds; he can only occasionally climb ramps or stairs; he can only occasionally kneel or crawl; he cannot work at unprotected heights or around hazardous moving mechanical parts; and he cannot operate a motor vehicle.

(Tr. 18). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a construction worker. (Tr. 21).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 22). Specifically, the ALJ found that Plaintiff can perform such occupations as produce sorter, shipping and receiving weigher, and baker helper. (Tr. 22). The ALJ concluded that Plaintiff had not been under a disability from December 5, 2012, through the date of the decision, May 7, 2015. (Tr. 23).

## II.    Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate Plaintiff's complaints of headache pain under the Eleventh Circuit's pain standard. (Doc. 25 p. 2). Plaintiff argues that ALJ only briefly addressed Plaintiff's complaints of headaches, mischaracterized the evidence pertaining to Plaintiff's complaints of headaches, and failed to comply with the Eleventh Circuit's pain standard. (Doc. 25 p. 7). In response, Defendant argues that substantial evidence supports the ALJ's assessment of Plaintiff's headache pain and that

Plaintiff has failed to demonstrate that his headaches resulted in disabling limitations. (Doc. 26 p. 5-7).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

The record shows that on December 5, 2012, Plaintiff sought emergency treatment for an injury to his head and upper extremities after being struck by a falling object at work and hitting his head on the vertical pole he was holding onto. (Tr. 338, 565). A CT scan was normal, and Plaintiff denied headaches at that time. (Tr. 338, 341). On the following two days, Plaintiff reported headache pain. (Tr. 341, 391). On December 14, 2012, Plaintiff stated that headaches were still present "on/off" and that ibuprofen did not help much. (Tr. 343). He continued to report headache

pain in January 2013. (Tr. 346). On March 5, 2013, Plaintiff reported to Thomas Newman, M.D., a neurologist, that his pain medications, Ultram (tramadol) and ibuprofen, did not provide persistent pain relief. (Tr. 373). Dr. Newman gave Plaintiff Fioricet to use as needed for his headaches. (Tr. 375). On April 18, 2013, Plaintiff had an MRI taken of his brain which revealed no abnormalities. (Tr. 381).

On May 6, 2013, Plaintiff sought treatment for cheek, jaw, abdominal, neck, back, and eye pain after being kicked and punched by about eight people at a party two nights earlier. (Tr. 40-41, 407). A review of symptoms was negative for headaches. (Tr. 407). A CT scan of Plaintiff's head was negative. (Tr. 410-11).

On May 15, 2013, Plaintiff reported to Dr. Newman that he was still experiencing headaches. (Tr. 548). Dr. Newman noted that five months had passed since his injury at work and stated that, from a neurological standpoint, Plaintiff had reached maximum medical improvement, there was no evidence of permanent neurological impairment from the injury, and Plaintiff had no specific restrictions regarding the injury. (Tr. 549). On August 30, 2013, Plaintiff complained of migraine headaches to Samuel A. Joseph Jr., M.D. (Tr. 569).

In her decision, the ALJ found that Plaintiff's headaches were not a severe impairment, stating: "Regarding his post-traumatic headaches, he was prescribed medication and has received no further treatment (Exhibit 9F at 5, 80)." (Tr. 16). The Court finds no error in the ALJ's finding. Although Plaintiff reported headaches during independent medical evaluations in December 2013 and February 2014 in connection with his worker's compensation case, the record does not reflect any further attempts to seek treatment for headaches after August 2013. (Tr. 555-59, 565-75). In fact, after the February 2014 evaluation, there are no mentions of headaches in Plaintiff's medical records, which document treatment through January 2015. (Tr. 578-680). The ALJ permissibly

reasoned that, if Plaintiff were experiencing headaches of the severity, frequency, and duration he claims and his medication did not alleviate his symptoms, he would have sought additional treatment (Tr. 16). *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (providing that subjective complaints of pain were properly discounted where the ALJ had explained that Plaintiff's pain had not required routine or consistent treatment, and the claimant often went months or years without complaining of pain to a physician).

Plaintiff has failed to demonstrate that the ALJ erred in her consideration of Plaintiff's complaints of headaches. Accordingly, the Court will not disturb the ALJ's findings on review.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 22, 2018.

*[signature]*

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties